# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN P. MORIARTY, | : | No. 3:08cv1532 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| EDWARD H. RENDELL, Governor of Pennsylvania, | : | |
| JEFFREY BEARD, Secretary, Pennsylvania Department of Corrections, | : | |
| CALVIN JOHNSON, | : | |
| CATHERINE MCVEY, Chairperson, Pennsylvania Board of Probation & Parole, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is the plaintiff's motion for a temporary restraining order ("TRO").[1] (Doc. 20).

**Background**[2]

Plaintiff is a prisoner at the State Correctional Institution in Coal Township, Pennsylvania. According to the plaintiff's motion, Defendant Pennsylvania Board of Probation and Parole has since November 2006 continually demanded that plaintiff

---

[1] Because the complaint has not yet been served, the court will treat the motion, which plaintiff titled a "motion for a preliminary injunction" as one for a temporary restraining order.

[2] The court derives the background facts from the documents filed by plaintiff. The court takes no position, however, on the truth of these allegations.

complete a substance-abuse treatment program through the Department of Corrections to establish his eligibility and suitability for parole. (Doc. 20 at ¶¶ 7-8). The Department of Corrections has also conditioned receipt of other benefits, such as other institutional treatment programs, on plaintiff's participation in the substance abuse classes to which he objects. (Id. at ¶ 9). Plaintiff contends that these classes require him to participate in a "faith-based" twelve-step program in violation of both Federal and Pennsylvania law and the establishment clause of the First Amendment. (Id. at ¶¶ 11, 27).

Because plaintiff has refused to participate in this program, he has not been able to establish his eligibility for parole. (Id. ¶ 11). In October 2007 and April 2008, the Board determined that plaintiff was ineligible for parole because he did not complete the required substance-abuse courses. (Id. at ¶ 14). Plaintiff contends that the Board's requirements violate his rights, and he seeks an order from the court preventing the Board from enforcing its requirement that he participate in the program as a condition of his parole.

**Legal Standard**

Plaintiff seeks a temporary restraining order preventing the defendants from enforcing certain of their institutional policies which plaintiff claims violate his First Amendment rights, as well as taking action to use these programs to prevent his parole. An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, - - U.S. - - , 129 S.Ct. 365, 375

2

(2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D.Pa.1994).

The above factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. Constructors Association of Western Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir.1978). The movant bears the burden of establishing these elements. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir.2000).

**Discussion**

The court will examine each of the above four factors in turn.

**A. Likelihood of Success on the Merits**

Plaintiff's complaint here is largely that the Board's requirement that he attend certain alcohol-treatment classes as a condition of obtaining parole. He contends

that he has been denied equal protection of the laws because his refusal to participate in the twelve-step program has made him ineligible for parole. Prisoners who find the religious nature of the program acceptable are not excluded from consideration for parole. In addition, plaintiff claims that defendants' refusal to grant him parole is retaliation for his refusal to submit to coerced religious speech.

If the plaintiff's claim is that the court should issue an injunction to allow him to obtain parole, plaintiff could not prevail on the merits. Plaintiff does not have a liberty interest in parole, and therefore cannot make out a claim that he has been denied a constitutional right as a result of defendant's policy. The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). A state may "create liberty interests in parole release that are entitled to protection under the Due Process Clause." Board of Pardons v. Allen, 482 U.S. 369, 371 (1987). When a parole statute creates an "'expectation of parole'" for a prisoner, then that prisoner has a liberty interest in the parole decision. Id. at 373 (quoting Greenholtz, 442 U.S. at 11). In Pennsylvania, however, "[n]o such expectation is created by Pennsylvania's parole statute, and therefore, there is no liberty interest affected by the Board's decision to deny parole." Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 773 (Pa. Commonw. Ct. 1997). Plaintiff's complaint of denied parole, therefore, does not affect a liberty interest and therefore cannot implicate a constitutional right.

4

Plaintiff also alleges, however, that he is being compelled to participate in religion by the requirement that he attend the twelve-step program as a condition for the receipt of counseling services and parole. Moreover, plaintiff contends, he has been retaliated against by being denied parole because of his refusal to abandon his constitutional right to avoid coerced religious practice. The Third Circuit Court of Appeals has found that a prisoner could prevail on a First Amendment retaliation claim if he could prove that he was denied parole for refusing to participate in drug and alcohol treatment that had a mandated religious component. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

To prevail on such a claim, plaintiff would have to demonstrate that "the conduct which led to the alleged retaliation was constitutionally protected." Id. Then, the prisoner must show "that he suffered some 'adverse action' at the hands of the prison officials." Id. The court finds a reasonable likelihood that plaintiff could establish those two elements. Plaintiff clearly has a right to elect not to participate in a drug-treatment program that requires him to swear to religious beliefs he does not possess: "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise[.]" Lee v. Weisman, 505 U.S. 507, 587 (1992). Plaintiff has also been denied parole and claims he has not had access to treatment programs, which indicate that he has suffered an adverse action.

While plaintiff could meet part of the standard to prevail on a prisoner's First

5

Amendment retaliation claim, at this point the court cannot reach a conclusion on whether he is likely to prevail on the rest of such a claim. First, "a prison regulation that impinges on the constitutional rights of an inmate is valid if it is 'reasonably related to legitimate penological interests.'" Rauser, 241 F.3d 334. Next, "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. In this case, the court does not have enough information to determine whether plaintiff would likely prevail on the merits, as no discovery into the reasons articulated for denying plaintiff's parole or the options for treatment available to him have been advanced. The court notes that the Rauser standard appeared in the context of a motion for summary judgment, after all the evidence had been collected in the case. Moreover, plaintiff's remedy in the case of First Amendment retaliation would likely come in the form of damages, not an injunction.

The court therefore finds that the likelihood of success on the merits of plaintiff's claim is not strong, at least as far as he raises claims that would carry with them injunctive relief as a remedy. Plaintiff has no constitutional right to parole, and the court cannot order the defendant to supply it.

**B. Irreparable Harm to the Movant**

The harm that plaintiff claims will come to him here is his inability to receive

parole and the requirement that he be forced to participate in a program which he contends violates his First Amendment right of religious freedom.  Because, as explained above, plaintiff has no expectation of parole that would create a liberty interest he has not faced any irreparable harm from the defendant's actions that requires injunction relief.  "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  If, after the evidence is weighed, plaintiff is able to prove that defendants retaliated against him for exercising his First Amendment rights, he would be entitled to damages here.  Plaintiff could therefore be made whole without the extraordinary remedy of an injunction.  This factor therefore weighs against granting the injunction.

### C. Harm to the Non-Moving Party

The court finds that no harm would come to the non-moving party from issuing an injunction in this case.

### D. Public Interest

The public has little interest in this matter of whether plaintiff should be required to participate in a twelve-step recovery program as a condition of his parole. While the public may have an interest in ensuring that those who prove to be a continued danger do not achieve parole, the public interest in whether the Board

ultimately determines that plaintiff is eligible for parole is small.  Even if he did not have to complete the twelve-step program before obtaining parole, the state could still deny him parole if it found him a danger to society.  As such, the public interest in this matter does not weigh for or against issuing the injunction.

**Conclusion**

The court finds that plaintiff does not have a reasonable likelihood of success on the merits, and that no irreparable harm will come to the plaintiff from a requirement that he litigate his legal claims before seeking relief.  As such, plaintiff is not entitled to injunctive relief here.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN P. MORIARTY, | : | No. 3:08cv1532 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
|     v. | : | (Magistrate Judge Blewitt) |
| | : | |
| EDWARD H. RENDELL, Governor of | : | |
| Pennsylvania, | : | |
| JEFFREY BEARD, Secretary, | : | |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| CALVIN JOHNSON, | : | |
| CATHERINE MCVEY, Chairperson, | : | |
| Pennsylvania Board of Probation & | : | |
| Parole, | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, to wit, this 1st day of May 2009, the plaintiff's motion for a temporary restraining order (Doc. 20) is hereby **DENIED**.

                                                **BY THE COURT:**

                                                s/ James M. Munley
                                                **JUDGE JAMES M. MUNLEY**
                                                **UNITED STATES DISTRICT COURT**