## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN P. MORIARTY, | : | No. 3:08cv1532 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| v. | : | **(Magistrate Judge Blewitt)** |
| | : | |
| EDWARD H. RENDELL, Governor of | : | |
| Pennsylvania, | : | |
| JEFFREY BEARD, Secretary, | : | |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| CALVIN JOHNSON, | : | |
| CATHERINE MCVEY, Chairperson, | : | |
| Pennsylvania Board of Probation & | : | |
| Parole, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is the report and recommendation of Magistrate Judge

Thomas M. Blewitt, which proposes that the court dismiss portions of plaintiff's

complaint and remand the case to the magistrate judge for further proceedings.

**Background**

This case arises out of plaintiff's imprisonment in the Pennsylvania State

Correctional Institution in Coal Township, Pennsylvania. Plaintiff alleges that he has

been forced, as a condition of his eligibility for parole, to participate in a drug and

alcohol treatment program that forces him to practice a religion in which he does not

believe. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 12). As a condition of

participation in the prison's Therapeutic Community, plaintiff is required to accept a

twelve-step program that requires him to acknowledge a higher power. (Id.).

Plaintiff contends that this "self-help" program is "faith based." (Id.). Defendants

allegedly offer no comparable programs that lack this religious component, and

plaintiff contends that this failure to offer a secular alternative violates his

constitutional rights.

Plaintiff filed a complaint in this court on August 13, 2008. The complaint

raises seven claims under federal and Pennsylvania law. Claim one asserts that

defendants compelled plaintiff's participation in a religious program in violation of his

First Amendment rights and the Pennsylvania Drug and Alcohol Abuse Control Act.

Claim two contends that defendants placed substantial burdens on plaintiff's ability

not to practice any religion through their programs, and that these actions violated

the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42

U.S.C. § 2000cc. Claim three, also brought pursuant to the RLUIPA, and to anti-

religious discrimination provisions for the provision of services under 42 U.S.C.§

5057, contends that plaintiff's refusal to participate in religious indoctrination made

him ineligible for the equal provision of drug and alcohol treatment in the prison.

Claim four alleges that defendants violated plaintiff's right to free speech and to

petition the government when they refused to allow plaintiff to complain about

enforced attendance in a religious program. Claim five contends that defendants

coerced plaintiff's silence with regard to the denial of mandatory services because of

plaintiff's refusal to participate in religious programs. Claim six asserts that defendants' policies requiring participation in treatment programs prevented plaintiff from obtaining meaningful access to the prison law library and thus restricted his ability to speak and petition the government. This restriction on plaintiff's speech allegedly came as retaliation for plaintiff's complaints about the religious nature of the treatment program. Claim seven alleges that defendants compelled plaintiff to speak by forcing him to declare he was an alcoholic/addict or remain silent. Plaintiff preferred to announce that he was unsure of whether he suffered from an addiction.

In addition to his complaint, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 3). Because the plaintiff sought to proceed without paying the filing fee, the magistrate judge gave the complaint an initial screening to determine whether to allow service. On September 25, 2008, the magistrate judge issued his report and recommendation (Doc. 12), which concluded that many of the plaintiff's claims should be dismissed, but that service of the complaint on plaintiff's First Amendment religious freedom claims be allowed. The magistrate judge also determined that plaintiff's claims for specific amounts of monetary damages against all defendants should be dismissed, as well as all of plaintiff's state-law causes of action. The plaintiff then filed objections (Doc. 13) to this report and recommendation, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff brings claims pursuant to 42 U.S.C. § 1983, the court has

3

jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Under 28 U.S.C. § 1915(e)(2)(B), the court is obliged to undertake an initial screening of any complaint filed by a prisoner seeking to proceed *in forma pauperis*. The court is required to dismiss a case when "the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(2)(B).

**Discussion**

The plaintiff objects to the report and recommendation on five grounds. The court will address each in turn.

4

**1. Respondeat Superior Liability**

Plaintiff objects to the magistrate judge's recommendation that all of the named individual defendants should be dismissed from the complaint and all requests for monetary relief against those defendants stricken. Plaintiff contends that his complaint is raised against those official defendants on the basis that they acted pursuant to an official policy or custom and therefore can be liable. Moreover, plaintiff insists that he has brought his complaint against these defendants in their official capacities, which means they can be liable for the policy and custom of the prison.

The court agrees with the magistrate judge that *respondeat superior* liability is unavailable in the context of a Section 1983 claim; plaintiff's claims against the individual defendants do not contain any allegations that these defendants played a role in establishing the policies that plaintiff claims violated his rights. As such, those defendants cannot be liable. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976) (finding that a Section 1983 claim could not be made against a prison warden when that warden neither participated in nor had actual knowledge of prison guards' alleged wrongdoing and "in § 1983 suits liability may not be imposed on the traditional standards of *respondeat superior*.").

Plaintiff asserts that he brings his claim against the individual defendants pursuant to the standards articulated in Monell v. Dept. of Social Svcs of the City of New York, 436 U.S. 659 (1978), and he therefore need only demonstrate that the

individual defendants followed a policy or custom existed that violated his rights to establish liability. The Monell standard, however, applies to the liability of municipalities, not individuals. Under that standard, "local governing bodies . . . can be sued directly under §1983 . . . where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690. Thus, "[a] public entity . . . may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997). Liability exists when "'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Since the individual defendants are not governmental entities, but simply work for such an entity, they cannot be held liable pursuant to this standard.

Plaintiff also appears to contend that the individual defendants are sued in their official capacities, and are therefore liable. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. at 690). Such suits are, "in all respects other than name, to be treated as a suit

6

against the entity. Id. at 166. They are "*not* a suit against the official personally, for the real party in interest is the entity." Id. (emphasis in original). Therefore, "'[w]here a suit is brought against a public official in his [or her] official capacity, the suit is treated as if [it] were brought against the governmental entity of which he [or she] is an official.'" McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005) (citation omitted). As such, the court finds that the claims against the individuals in their official capacities should be dismissed.

The defendant also objects to the magistrate judge's recommendation that plaintiff's request for specific monetary relief and for monetary relief against the individual defendants acting in their official capacities be stricken from the complaint. Plaintiff's complaint seeks five million dollars in compensatory damages for the pain and suffering he has experienced through the defendants' programs. The damages plaintiff claims are not damages stipulated to in a contract, nor are they fixed according to a statutory formula. As such, they are not liquidated damages. Pursuant to Local Rule 8.1, a civil action "may set forth generally that the party claiming damages is entitled to monetary relief, but shall not claim any specific sum where unliquidated damages are involved." L.R. 8.1. Similarly, as explained above, to the extent plaintiff seeks damages against the individual defendants in their official capacity, his suit is the equivalent of a suit against the governmental entity. He therefore cannot obtain damages from the individual defendants for claims against an official entity.

The court will therefore adopt the report and recommendation on this point and overrule the plaintiff's objection. Plaintiff's claims against the individual defendants will be dismissed as indisputably meritless. Likewise, the court will adopt the magistrate judge's recommendation that plaintiff's claims for monetary relief against these defendants acting in their official capacities be stricken. Because, however, the complaint could be amended to explain how the individual defendants took particular and specific actions that violated plaintiff's rights, the court will dismiss these claims without prejudice to the plaintiff re-pleading them to state a specific cause of action on those religious-freedom claims which the court has determined may move forward.

## 2. Absolute Immunity for Defendant Catherine McVey

Plaintiff also objects to the magistrate judge's recommendation that the claim against Defendant Catherine McVey, Chairperson of the Pennsylvania Board of Probation and Parole, should be dismissed because Defendant McVey enjoys absolute immunity for suits against her in her official capacity. The magistrate judge found that plaintiff raised claims against Defendant McVey based on her failure to award him parole, a decision for which she is accorded immunity. Plaintiff contends that his complaint against Defendant McVey is not based on any decision to deny him parole, but based on McVey's decision to declare him ineligible for consideration for parole because he refused to participate in a program that compromised his religious freedoms.

Officials who "perform functions integral to the judicial process" are absolutely immune from suit under Section 1983. Williams v. Consovoy, 453 F.3d 173, (3d Cir. 2006). To determine whether such immunity applies, "courts look to the nature of the functions being performed by the actor in question and evaluate the effect that exposure to liability would have on an appropriate exercise of that function." Id. Moreover, "probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties. In their executive or administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity." Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). A parole board member acting as a hearing examiner is immune, since he is "performing adjudicatory duties." Id. at 776.

Here, plaintiff complains about Defendant McVey's decision to preclude him from eligibility for parole because of his failure to participate in a drug and alcohol treatment program that had a religious component. Such a decision is an essentially adjudicatory one, since it determined whether plaintiff was eligible for parole. That decision did not establish any particular program or assign resources, and McVey did not engage in any sort of investigation to determine the facts of plaintiff's case. See Wilson, 878 F.2d at 776 (finding only qualified immunity because defendant performed an executive and administrative when he "investigated allegations of parole violations . . . typed up an arrest warrant . . . and signed the warrant."). Instead, the decision determined whether a particular prisoner was eligible for

parole.  See Thompson v. Burke, 556 F.2d 231, 237 (3d Cir. 1977) (finding that "[t]he

work of a Pennsylvania State Parole Board member certainly includes facets of

quasi-judicial duties in affecting the length of sentences.").  As such, the decision

was an adjudicatory one and Defendant McVey is entitled to absolute immunity.  The

court will therefore adopt the report and recommendation on this point and overrule

the plaintiff's objection.  Defendant McVey will be dismissed from the complaint with

prejudice.

### 3.  Free Speech Claims

The magistrate judge also  recommends that the court dismiss all of the

plaintiff's free speech claims, as the defendant did not engage in any protected

speech.  Plaintiff objects to this finding, arguing that the magistrate judge did not

properly analyze his free speech claim and did not examine whether he had made

out a retaliation claim.  Plaintiff contends that he was forced into silence by the

prison, despite his objection to the religious nature of the program.  Moreover, he

insists, the prison retaliated against him–presumably by denying him parole–for his

failure to give in to demands that he speak as the program required.

The court finds that plaintiff's objections to the magistrate judge's findings do

not address his speech claims, but his religious freedom claims.  The retaliation

which plaintiff alleges came not because he spoke, but because he asserted his right

to be free from compelled religious exercise.  Since the magistrate judge agreed that

plaintiff stated a claim in this respect, and the court agrees with the magistrate judge

10

that plaintiff's complaint provides no basis for a free speech claim independent of plaintiff's First Amendment free exercise of religion claims, the court will overrule the plaintiff's objections on this point and adopt the report and recommendation.

### 4. Eighth Amendment Claims

The magistrate judge also concluded that plaintiff's claims brought pursuant to the Eighth Amendment should be dismissed. The magistrate judge found that plaintiff had not alleged in his complaint that defendants' actions deprived him of any of life's minimal necessities, but instead had made only vague references to the Eighth Amendment. Plaintiff objects, arguing that his Eighth Amendment claims are a product of his retaliation claims pursuant to the First Amendment and the magistrate judge should have examined whether he sufficiently alleged retaliation, not whether he alleged that he suffered cruel and unusual punishment.

To prevail on an Eighth Amendment claim, a plaintiff must allege more than treatment that makes him uncomfortable or alters his rights. "'After incarceration, only the unnecessary and wanton infliction of pain . . . constitutues cruel and unusual punishment forbidden by the Eighth Amendment.'" Witley v. Albers, 475 U.S. 312, 320 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). When a plaintiff's complaint concerns "non-medical conditions of confinement," that plaintiff "must prove that prison officials acted with deliberate indifference that deprived him/her of 'the minimal civilized measure of life's necessities.'" Hubbard v. Taylor, 399 F.3d 150, 165 (3d Cir. 2005) (quoting Wilson v. Seiter, 501 U.S. 294, 298-99

11

(1991)).

Plaintiff's complaint here contains no allegations that the defendants acted with deliberate indifference or deprived him of any of life's necessities. Instead, plaintiff complains that defendants' operated a program which required that he acknowledge a higher religious power, and that his refusal to participate in that program precluded him from parole. Because plaintiff has not alleged any deprivation or mistreatment that would rise to the level of cruel and unusual punishment, the court agrees with the magistrate judge that the plaintiff's Eighth Amendment claims should be dismissed. The court will overrule the plaintiff's objections and adopt the report and recommendation on this point.

### 5. Fourteenth Amendment

The plaintiff also objects to the magistrate judge's recommendation that the court dismiss his claims brought pursuant to the Fourteenth Amendment's guarantee of Due Process and Equal Protection. The magistrate judge found that plaintiff had not made out an equal protection claim because he had not alleged that he was treated differently from other prisoners because of his race, gender or nationality. Instead, plaintiff simply had claimed that he was treated differently than other prisoners. The magistrate judge also found that plaintiff had not made out a due process claim because he was not deprived of a constitutionally protected interest when he was denied parole and denied the opportunity to participate in treatment programs.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Clerburne v. Clerburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003). Here, plaintiff does not allege that he was treated differently from any other similarly situated inmates. He simply complains that he was not given the opportunity to pursue an alternative treatment program that did not include components he found objectionable. Since plaintiff does not allege that he was treated differently from any similarly situated inmate, he cannot make out an equal protection claim. The court will dismiss the plaintiff's objection and adopt the report and recommendation on this point.

The magistrate judge also recommended that the court dismiss plaintiff's due process claim. Plaintiff's claim is that he has been denied parole and denied the ability to participate in substance abuse treatment without due process of law. To prevail on a due process claim, a plaintiff must satisfy two elements: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrections v.

13

Thompson, 490 U.S. 454, 460 (1989).  The magistrate judge concluded that plaintiff could not establish that the state had interfered with any liberty or property interest.

In his objections, plaintiff challenges the magistrate judge's finding that he does not have a liberty interest in parole.[1]  The court agrees with the magistrate judge.  The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979).   A state may "create liberty interests in parole release that are entitled to protection under the Due Process Clause."  Board of Pardons v. Allen, 482 U.S. 369, 371 (1987).  When a parole statute creates an "'expectation of parole'" for a prisoner, then that prisoner has a liberty interest in the parole decision.  Id. at 373 (quoting Greenholtz, 442 U.S. at 11).  In Pennsylvania, however, "[n]o such expectation is created by Pennsylvania's parole statute, and therefore, there is no liberty interest affected by the Board's decision to deny parole."  Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 773 (Pa. Commonw. Ct. 1997).  Plaintiff's complaint that he was denied parole, therefore, does not affect a liberty interest and therefore cannot implicate a constitutional right and procedural due process.  The court will overrule plaintiff's objections and adopt the report and recommendation on

---

[1] Plaintiff also insists that "his privilege of receiving substance abuse treatment service's [sic] provided him by DOC's TCTP cannot be denied him simply due to his insistence on his First Amendment rights."  Since the magistrate judge has concluded that plaintiff has stated a First Amendment claim in relation to his access to substance abuse treatment, the court finds this objection moot and inappropriate in the due process context.

this point.

**Conclusion**

For the above-stated reasons, the court will overrule the plaintiff's objections and adopt the magistrate judge's report and recommendation.[2]  An appropriate order follows.

---

[2]To the extent that plaintiff does not object to portions of the report and recommendation, the court must determine whether a review of the record evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).  After careful review, the court finds no clear error or manifest injustice on those portions of the report and recommendation to which no objection was lodged, and the court will adopt those portions as well.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SEAN P. MORIARTY,** | : | No. 3:08cv1532 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **EDWARD H. RENDELL, Governor of** | : | |
| **Pennsylvania,** | : | |
| **JEFFREY BEARD, Secretary,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections,** | : | |
| **CALVIN JOHNSON,** | : | |
| **CATHERINE MCVEY, Chairperson,** | : | |
| **Pennsylvania Board of Probation &** | : | |
| **Parole,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of May 2009, the plaintiff's objections (Doc.

13) to the report and recommendation (Doc. 12) of Magistrate Judge Thomas M.

Blewitt are hereby **OVERRULED**. The report and recommendation is hereby

adopted, as follows:

1) Plaintiff's free speech claims, counts 4-7 in his complaint, are hereby

**DISMISSED** with prejudice;

2) Plaintiff's First Amendment Access to the Courts claim, Fourteenth

Amendment Due Process claim and Fourteenth Amendment Equal Protection

claim are **DISMISSED** with prejudice;

3) Plaintiff's claims against the individual defendants are hereby **DISMISSED**;

4) Plaintiff's demands for specific monetary relief are hereby **STRICKEN** from the complaint;

5) Plaintiff's claims asserted under state law are hereby **DISMISSED WITH PREJUDICE** as barred by the Eleventh Amendment;

6) All claims against Defendant McVey are hereby **DISMISSED WITH PREJUDICE** as she is entitled to absolute immunity;

7) All claims for monetary damages against the individual defendants in their official capacities, including punitive damages, are hereby **DISMISSED WITH PREJUDICE**;

8) Plaintiff's claims for monetary damages under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a)(1)-(2) are hereby **DISMISSED WITH PREJUDICE**;

9) Plaintiff's Eight Amendment claims are hereby **DISMISSED** with prejudice;

10) Plaintiff is hereby **DIRECTED** to file an amended complaint with twenty-one (21) days of the date of this order that names the officials specifically responsible for establishing and enforcing the policies about which he complains in his religious freedom claims;

11) Plaintiff's motion to proceed *in forma pauperis* is hereby **GRANTED**;

12) The case is **REMANDED** to Magistrate Judge Blewitt for proceedings

consistent with this opinion; and

13) Plaintiff's motion to amend/correct the complaint (Doc. 26) is hereby **DENIED** as moot. The court has already directed the plaintiff to file an amended complaint, which should conform to the requirements laid out in this court's opinion and the opinion of the magistrate judge.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**