IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEAN MORIARTY, : CIVIL ACTION NO. **3:CV-08-1532**
:
    Plaintiff : (Judge Munley)
:
    v. : (Magistrate Judge Blewitt)
:
CALVIN JOHNSON, et al., :
:
    Defendants :

## REPORT AND RECOMMENDATION

**I. Background.**

On August 13, 2008 Plaintiff, Sean Moriarty, an inmate at the State Correctional Institution at Coal Twp. ("SCI-Coal Twp.")[1], Coal Township, Pennsylvania, originally filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a 16-page Affidavit in support thereof. (Docs. 1 and 2). Plaintiff named as Defendants in his original Complaint Edward Rendell, Governor of Pennsylvania, Jeffery Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"), Calvin Johnson, Secretary of Pennsylvania Department of Health, and Catherine McVey, Chairperson of the Pennsylvania Board of Probation and Parole ("PA Board"). (Doc. 1, pp. 1-3). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 3). This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and § 1343(a).

---

[1]The claims in the present case mainly involve Plaintiff's First Amendment free exercise of religion claim and RLUIPA claim.

On September 25, 2008, we screened Plaintiff's original Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and issued a Report and Recommendation ("R&R"). We recommended, in pertinent part, as follows:

> [A]ll of Plaintiff's claims, except for his First Amendment Free Exercise of Religion Claim (Claim One) and his two RLUIPA claims (Claims Two and Three) (Doc. 1, pp. 4-10) regarding his mandatory attendance in the faith-based portions of the DOC's TCTP, be dismissed entirely from this action under 28 U.S.C. § 1915(e)(2)(B)(ii). We recommend that the four named Defendants be dismissed for failure of Plaintiff to state their personal involvement with respect to his Constitutional claims. We recommend that Plaintiff be directed to amend his Complaint with respect to his First Amendment Free Exercise of Religion Claim (Claim One) and his two RLUIPA claims (Claims Two and Three) so that he can name as Defendants only the prison officials personally involved with the alleged unconstitutional conduct that forms the bases for these three claims.
> Additionally, we recommend that Plaintiff's request for specific amounts of monetary relief against Defendants with respect to all of his claims in his Complaint (Doc. 1, p. 11 and p. 21) be stricken. We recommend that Plaintiff's pendant state law claims under DACA asserted in all seven (7) of his claims (Doc. 1, pp. 4-20) be dismissed since they are barred by the Eleventh Amendment. We also recommend that all of Plaintiff's claims against the Defendant Pennsylvania Board member, McVey, be dismissed since we find she is entitled to absolute immunity. Moreover, we recommend that Plaintiff's requests for monetary damages, including punitive damages, against all Defendants in their official capacities be dismissed since such claims are barred by the Eleventh Amendment. We additionally recommend that Plaintiff's claims for money damages under the RLUIPA be dismissed.
> Specifically, with respect to Plaintiff's claims that should be dismissed and not included in his amended complaint, we recommend that Plaintiff's four (4) Free Speech Claims, Claims 4-7, be dismissed. (Doc. 1, pp. 12-20). We also recommend that Plaintiff's First Amendment access to courts claim, his Fourteenth Amendment Due Process claims, and his Fourteenth Amendment Equal Protection claims be dismissed. We recommend that Plaintiff's Eighth Amendment claims be dismissed. We recommend

> that Plaintiff's First Amendment free exercise claim and his RLUIPA
> claims (Claims 1-3) be allowed to proceed, and that Plaintiff be
> directed to amend his Complaint to name the responsible prison
> officials only with respect to these stated three claims.
>     Finally, it is recommended that this case be remanded to the
> undersigned for further proceedings only with respect to Plaintiff's
> First Amendment free exercise claim and his RLUIPA claims (Claims
> 1-3, Doc. 1, pp. 4-10).

(Doc. 12, pp. 30-32).

While our R&R was pending before the District Court, Plaintiff filed a Motion for Preliminary Injunction along with a Supporting Brief on March 11, 2009. (Docs. 20-21). This Motion was denied on May 1, 2009. (Doc. 24). Then, on May 26, 2009, the District Court adopted our September 25, 2008 R&R (Doc. 12) and ordered the Plaintiff to file an Amended Complaint within twenty-one (21) days.[2] (Doc. 28).

On June 16, 2009, the Plaintiff filed his Amended Complaint. (Doc. 30). In his Amended Complaint, Plaintiff named the following twelve (12) parties as Defendants: Commonwealth of Pennsylvania; Pennsylvania Department of Corrections ("DOC"); Pennsylvania Board of Probation and Parole ("PA BPP"); Kristen Risinger, Chief Official Inmate Grievance & Appeals Officer; Joseph Piazza, former Superintendent at SCI-Coal Twp.; Kandis Dascani, Inmate Grievance Coordinator at SCI-Coal Twp.; Linda Chismar, Corrections Classification & Programs Manager; Gene Mull, TC & AOD Supervisor at SCI-Coal Twp.; Merel Smith, TC & AOD Treatment Specialist at SCI-Coal Twp.; Lawrence Murray, Secretary to the PA BPP; Cynthia Daub, Secretary to the PA BPP; and David Varano, Superintendent at SCI-Coal

---

[2]This Order also granted the Plaintiff's Motion to Proceed *in forma pauperis*. (Doc. 3).

Twp.

We then screened Plaintiff's Amended Complaint pursuant to the PLRA. On July 22, 2009, we issued an R&R and recommended as follows:

> We recommend that all Plaintiff's claims against Defendants Commonwealth of Pennsylvania, Pennsylvania DOC, Pennsylvania BPP, BPP Secretaries Murray and Daub, Superintendent Piazza, Superintendent Varano, Grievance Coordinator Dascani and Chief Grievance Officer Risinger be dismissed entirely from this action. Also, we recommend that Plaintiff's claim against Defendant Program Manager Chismar with respect to her response to his grievance be dismissed.
>
> It is further recommended that Plaintiff's RLUIPA and First Amendment Establishment Clause claims against Defendants TC Supervisor Mull, TC Specialist Smith and Program Manager Chismar, as well as Plaintiff's First Amendment Retaliation claim against Defendant TC Supervisor Mull, be allowed to proceed. It is also recommended that this matter be remanded to the undersigned for further proceedings, including directing service of Plaintiff's Amended Complaint on the remaining three defendants with respect to his First Amendment claims and his RLUIPA claim.

(Doc. 32).

On September 10, 2009, Plaintiff filed objections to our R&R. (Doc. 37). On March 9, 2010, the District Court adopted our Doc. 32 R&R and overruled Plaintiff's objections to it. (Doc. 44). In the March 9, 2010 Order, the Court directed, in part, as follows:

> The [Plaintiff's] claim is hereby **DISMISSED** against Defendants the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, Kristen P. Risinger, Joseph Piazza, Kandis Dascani, Lawrence F. Murry and Cynthia L. Daub. Any claims against Defendant Linda Chasmir arising from the denial of plaintiff's grievances is hereby **DISMISSED**. The Clerk of Court is **ORDERED** to close the case against these parties and to issue summons and serve the complaint against the remaining defendants.

(Doc. 44, pp. 15-16).[3]

On April 15, 2010, Plaintiff filed a Motion of Reconsideration of the District Court's Order adopting our R&R. (Doc. 48).

On May 21, 2010, all six (6) remaining Defendants, namely, Defendants Chismar, Mull, Smith, Johnson, McVey and Varano, jointly filed their Answer to Plaintiff's Amended Complaint with Affirmative Defenses. (Doc. 52). Also, on May 21, 2010, Defendants Johnson, McVey and Varano jointly filed a Motion for Judgment on the Pleadings, and a support brief. **(Doc. 53 and Doc. 54)**. Plaintiff filed his opposition brief on June 29, 2010. (Doc. 63). On July 16, 2010, Defendants filed their reply brief. (Doc. 67). The Motion for Judgment on the Pleadings of Defendants Johnson, McVey and Varano is now ripe for disposition.

On June 16, 2010, the District Court issued an Order and denied Plaintiff's Motion for Reconsideration of its March 9, 2010 Order (Doc. 44) adopting our R&R. (Doc. 61). On June 23, 2010, Plaintiff filed a Notice of Appeal with the Third Circuit regarding the District Court's March 9, 2010 Order. (Doc. 62). Plaintiff's appeal was docketed to C.A. No. 10-2886, Third Circuit and is still pending.

On July 14, 2010, Plaintiff filed a 3-paragraph Motion for a Stay of the case pending his interlocutory appeal of the District Court's March 9, 2010 Order, along with a 3-paragraph support brief. (Docs. 65 and 66). On July 16, 2010, counsel for Defendants submitted a letter to the Court indicating that, while he believed the Third Circuit would summarily dismiss

---

[3]It appears as though Defendant Superintendent Varano was inadvertently not listed as one of the Defendants whom the Court dismissed, since the Court stated in its Memorandum that Varano would be dismissed. (Doc. 44, p. 13).

Plaintiff's appeal, he did not oppose Plaintiff's Motion to Stay. (Doc. 68).

On July 19, 2010, we issued an R&R and recommended that the Court deny Plaintiff's Motion for a Stay (Doc. 65) of this case pending his appeal to the Third Circuit. Plaintiff did not file objections to our R&R. On August 23, 2010, the Court issued an Order and adopted our stated R&R. (Doc. 73).

On August 30, 2010, the Third Circuit Court issued an Order and granted Plaintiff's *in forma pauperis* motion with respect to his appeal. The Third Circuit stated in its Order that a determination would be whether Plaintiff's appeal would be dismissed as frivolous or whether summary affirmance was appropriate. (Doc. 74). On September 8, 2010, Plaintiff then filed, with the Third Circuit, a Motion for a Stay of his case in the District Court while his appeal was pending. (Doc. 75). To date, the Third Circuit has not ruled on Plaintiff's Motion for a Stay.

We now consider the Motion for Judgment on the Pleadings of Defendants Johnson, McVey and Varano ("moving Defendants").[4] (Doc. 53).

## II. Motion for Judgment on the Pleadings Standard.

In *Faylor v. Szupper*, 2009 WL 2982646, *4 (W. D. Pa.), the Court stated:

> A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Mele, supra,* 359 F.3d at 253. Thus, we will view all facts presented in the pleadings in a light most favorable to the non-movant. *Id.* A motion for judgment on the pleadings will not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that [they are] entitled to judgment as a matter of law." *Id.*

---

[4]We are assigned this case for a pre-trial matters pursuant to 28 U.S.C.§ 636(b)(1).

The Court in *Costenbader v. Classic Design Homes, Inc.*, 2010 WL 597456, *3 (M.D. Pa.), stated the Rule 12(b)(6) standard. The Court stated:

> The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) (internal quotations omitted).
>
> To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993).

**III. Discussion.**

Moving Defendants contend that Plaintiff's Amended Complaint fails to name Johnson and McVey as parties. In his opposition brief, Plaintiff acknowledges that his Amended Complaint fails to name Johnson and McVey as parties, and he states that "he has abandoned his intention to prosecute this action against Defendant's (sic) Johnson and McVey. Accordingly, judgment in favor of these two Defendants shall not be opposed herein by the Plaintiff." (Doc. 63, p. 2).

As stated above, Plaintiff's Amended Complaint clearly does not name Johnson and McVey as party Defendants. It appears as though Johnson and McVey remained as parties in this case on the docket due to clerical oversight. In any event, as moving Defendants recognize in their reply brief (Doc. 67, p. 2), Plaintiff now makes clear that he does not intend on

pursuing his action as against Johnson and McVey.

Thus, we will recommend that moving Defendants Motion for Judgment on the Pleadings be granted with respect to Defendants Johnson and McVey, and that the Court enter judgment in favor of Defendants Johnson and McVey and against Plaintiff.

Moving Defendants argue that SCI-Coal Twp. Superintendent Varano has also remained a Defendant on the docket due to inadvertence. Specifically, moving Defendants state:

> In his July 22, 2009 R&R, Magistrate Judge Blewitt recommended that "Superintendent Varano . . . be dismissed entirely from this action" because inmates have no constitutional right to a grievance procedure and Plaintiff has not stated any personal involvement by the Superintendent with respect to his other claims. (Doc. 32 and 14, 21.). This Court adopting [adopted] this holding in its March 9, 2010 Memorandum, holding that "Defendant[] Varano . . . be dismissed from the case as [he] could not be liable for any of the plaintiff's claims. (Doc. 44 at 13.). Unfortunately, the Court did not list Defendant Varano in its order of the same day.
>
> The Amended Complaint makes no allegations that Superintendent Varano had any personal involvement with him allegedly being forced to participate in a religious-themed treatment program. All of his allegations against the Superintendent appear to be related to grievances Plaintiff filed. It is well-settled that an inmate has no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); Doc. 44 at 13. Merely denying Plaintiff's grievance cannot rise to the level of a constitutional violation. Accordingly, judgment should be entered in Defendant Varano's favor as to all claims in the Amended Complaint and the case closed as to this party.

(Doc. 54, pp. 4-5).

Plaintiff concedes that moving Defendants are correct with respect to what we recommended in our July 22, 2009 and what the Court decided in its March 9, 2010 Memorandum regarding Defendant Varano. (Doc. 63, p. 1). However, Plaintiff states that he opposes moving Defendants' motion with respect to Defendant Varano since "prior to the

-8-

service of [his] Amended Complaint leave had been granted Plaintiff on or about April 14, 2010 by the Court to seek re-consideration/certificate for appeal from, in part, the decision reached dismissing Defendants Kristen Risinger; Joseph Piazza; Kandis Dascani; Linda Chismar; and Defendant Varano." (*Id*., p. 2). Plaintiff argues that dismissal of Defendant Varano is premature and that he was attempting to hold Defendants Kristen Risinger, Joseph Piazza, Kandis Dascani, Linda Chismar, and Superintendent Varano liable in this case based on *Monell v. New York Dept. of Social Servs*., 436 U.S. 658 (1978). While Plaintiff has again attempted to implicate Superintendent Varano as a Defendant pursuant to *Monell*, as the Court has previously found, he fails to state a claim against Varano based on *Monell*.

We agree with moving Defendants that the dismissal of Defendant Varano is not premature and that it was already the clear intent of the Court to dismiss this Defendant. (*See* Doc. 44, p. 13). It was due to inadvertence that Defendant Varano was not listed with the other Defendants which the Court dismissed in its March 9, 2010 Order.

Also, on April 14, 2010, the Court granted Plaintiff's Motion for an extension of time (Doc. 45) to file a motion for reconsideration or to seek a certificate of appealability from the Court's Doc. 44 decision adopting our Doc. 32 R&R. (Doc. 47). Plaintiff then filed his Motion for Reconsideration on April 15, 2010. (Doc. 48). However, as stated, on June 16, 2010, the Court issued an Order and denied Plaintiff's motion for reconsideration from the Court's Doc. 44 decision adopting our Doc. 32 R&R. The Court also declined to issue a Certificate of Appealability. (Doc. 47). Also, as stated, on June 23, 2010, Plaintiff filed a Notice of Appeal regarding the Court's Doc. 44 decision adopting our Doc. 32 R&R with the Third Circuit. (Doc.

62). Further, as mentioned, on May 21, 2010, remaining Defendants, including McVey, Johnson and Varano, filed their Answer to Plaintiff's Amended Complaint. (Doc. 52). The pleadings are thus closed.

Based on this background, we agree with moving Defendants that their present Motion for Judgment on the Pleadings with respect to Superintendent Varano is not premature, despite Plaintiff's pending Notice of Appeal.

We also agree with moving Defendants (Doc. 67, pp. 3-4) that this Court has previously found Plaintiff failed to state the personal involvement of Superintendent Varano with respect to his remaining constitutional claims raised in his Amended Complaint. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

As moving Defendants point out, "Plaintiff left the [Therapeutic Community] program in 2007 and Superintendent Varano did not become Superintendent [at SCI-Coal Twp.] until June 2008." (Doc. 67, p. 3). Further, as moving Defendants state, "Plaintiff does not actually allege

any personal involvement by Superintendent Varano in any of the decisions that lead to Plaintiff leaving the therapy group, which all occurred prior to Varano becoming Superintendent." (*Id*., pp. 3-4).

Moreover, as moving Defendants contend (*Id*., pp. 4-5), the Court has already found the Plaintiff cannot rely upon *Monell* in his attempt to hold Superintendent Varano liable in this action. (Doc. 28, pp. 5-6). Plaintiff in his present opposition brief simply tries to once again impermissibly hold Superintendent Varano liable in this action based on *Monell*. We concur with moving Defendants that "*Monell* is completely inapposite to this case and certainly cannot be the basis to extend, what is in essence, supervisory liability to Superintendent Varano." (Doc. 67, p. 4)(footnote omitted). Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9. *See See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008); *Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.). As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98 S.Ct. 2018..

2009 WL 2258623, * 7.

We find that Plaintiff cannot assert a municipal liability claim under *Monell* against Superintendent Varano with respect to his stated remaining constitutional claims.

Thus, since we find that Superintendent Varano was inadvertently not dismissed from this case as a Defendant and since Plaintiff fails to state a cognizable constitutional claim against Superintendent Varano in his Amended Complaint, we will recommend that moving Defendants' Motion for Judgment on the Pleadings be granted with respect to Superintendent Varano, and that the Court enter judgment in favor of Superintendent Varano and against Plaintiff.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that the Court grant moving Defendants' Motion for Judgment on the Pleadings **(Doc. 53)** with respect to Defendants McVey, Johnson and Superintendent Varano, and that the Court enter judgment in favor of Defendants McVey, Johnson and Superintendent Varano and against Plaintiff. It is also recommended that this case be remanded to the undersigned for further proceedings.


                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated: October 12, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN MORIARTY, | : | CIVIL ACTION NO. **3:CV-08-1532** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| EDWARD RENDELL, GOVERNOR OF PENNSYLVANIA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 12, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: October 12, 2010**