# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN P. MORIARTY, | : | No. 3:08cv1532 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
|     v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CALVIN JOHNSON; | : | |
| CATHERINE MCVEY, Chairperson, | : | |
| Pennsylvania Board of Probation & | : | |
| Parole; | : | |
| LINDA CHISMAR, SCI Coal Township | : | |
| Classification & Programs Manager; | : | |
| GENE MULL, Therapudic Community | : | |
| Program & A.O.D. Treatment | : | |
| Supervisor; | : | |
| MEREL SMITH, Therapudic | : | |
| Community Program & A.O.D. | : | |
| Treatment Supervisor; | : | |
| DAVID VARANO, SCI Coal Township | : | |
| Superintendant, | : | |
|     Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are plaintiff's objections to the report and recommendation (Doc. 77) of Magistrate Judge Thomas M. Blewitt, which proposes that the court grant defendants' motion for judgment on the pleadings in part. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of plaintiff's imprisonment in the Pennsylvania State Correctional Institution in Coal Township, Pennsylvania. Plaintiff alleges that he has

been forced, as a condition of his eligibility for parole, to participate in a drug and alcohol treatment program that forces him to practice a religion in which he does not believe. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 12). As a condition of participation in the prison's Therapeutic Community, plaintiff is required to accept a twelve-step program that requires him to acknowledge a higher power. (Id.). Plaintiff contends that this "self-help" program is "faith based." (Id.). Defendants allegedly offer no comparable programs that lack this religious component, and plaintiff contends that this failure to offer a secular alternative violates his constitutional rights.

Plaintiff filed a complaint in this court on August 13, 2008. (Doc. 1). The complaint raises seven claims under federal and Pennsylvania law. Claim one asserts that defendants compelled plaintiff's participation in a religious program in violation of his First Amendment rights and the Pennsylvania Drug and Alcohol Abuse Control Act. Claim two contends that defendants placed substantial burdens on plaintiff's ability not to practice any religion through their programs, and that these actions violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. Claim three, also brought pursuant to the RLUIPA, and to anti-religious discrimination provisions for the provision of services under 42 U.S.C.§ 5057, contends that plaintiff's refusal to participate in religious indoctrination made him ineligible for the equal provision of drug and alcohol treatment in the prison. Claim four alleges that defendants violated plaintiff's right to free speech and

2

to petition the government when they refused to allow plaintiff to complain about enforced attendance in a religious program. Claim five contends that defendants coerced plaintiff's silence with regard to the denial of mandatory services because of plaintiff's refusal to participate in religious programs. Claim six asserts that defendants' policies requiring participation in treatment programs prevented plaintiff from obtaining meaningful access to the prison law library and thus restricted his ability to speak and petition the government. This restriction on plaintiff's speech allegedly came as retaliation for plaintiff's complaints about the religious nature of the treatment program. Claim seven alleges that defendants compelled plaintiff to speak by forcing him to declare he was an alcoholic/addict or remain silent. Plaintiff preferred to announce that he was unsure of whether he suffered from an addiction.

Magistrate Judge Blewitt gave the case an initial screening. On September 25, 2008, he issued his report and recommendation (Doc. 12), which concluded that many of the plaintiff's claims should be dismissed, but that service of the complaint on plaintiff's First Amendment religious freedom claims be allowed. The magistrate judge also determined that plaintiff's claims for specific amounts of monetary damages against all defendants should be dismissed, as well as all of plaintiff's state-law causes of action.

The plaintiff raised objections to the report and recommendation, which the court overruled on May 26, 2009. (Doc. 28). The court adopted the report and recommendation with instructions to the plaintiff to file an amended complaint. After

3

plaintiff filed this amended complaint, the magistrate judge again issued a report and recommendation that proposed that plaintiff's claims against some of the defendants be dismissed. (Doc. 32). Plaintiff again filed objections to the report and recommendation, and the court again overruled those objections. (Doc. 44). The court then remanded the case to the magistrate judge. (Id.).

After plaintiff served the complaint on the defendants, Defendants Calvin Johnson, Catherine McVey, Linda Chismair, Gene Mull, Merel Smith, and David Varano filed a motion for judgement on the pleadings. (Doc. 53). On October 12, 2010, the magistrate judge issued a report and recommendation that proposed the court grant judgment to Defendants McVey, Johson and Varano, but remand the case to him for consideration of the remainder of plaintiff's claims. Plaintiff filed objections to these recommendations. The plaintiffs filed a brief in opposition to plaintiff's objections, bringing the case to its present posture.

**Jurisdiction**

As the case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

4

case or controversy under Article II of the United States Constitution.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). That rule provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Under Rule 12(c), like Rule 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted), judgment will not be granted:

> unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial."

Society Hill Civic Association v. Harris, 632 F.2d 1045, (3d Cir. 1980) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 690 (1969); see also, Sikirica v. Nationwide Insurance Co., 416 F.3d 214, 220 (3d Cir. 2005) (finding that

under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.").

**Discussion**

**Defendant Varano**

The plaintiff does not object to the magistrate judge's conclusion that Defendants McVey and Johson should be granted judgment on the pleadings. As such, the court will adopt the report and recommendation on this point and grant the motion for judgment on the pleadings with reference to those two defendants as unopposed. Plaintiff objects to the magistrate judge's conclusion, however, that he has not alleged that Defendant Varano had any personal involvement in the alleged violations of plaintiff's rights.[1]

The court notes that the magistrate judge had earlier recommended that Defendant Varano be dismissed from the case. (See Doc. 32 at 14, 21). The magistrate judge proposed that Varano "be dismissed entirely from this action." (Id. at 21). The court adopted this recommendation, over the plaintiff's objection, finding

---

[1] No party filed objections to the magistrate judge's findings beyond those related to Defendants McVey, Johnson and Varano. When no objections are filed, the court must determine whether a review of the record evidences plain error or manifest injustice before adopting the report and recommendation. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). No such plain error or manifest injustice exists here, and the court will adopt the report and recommendation on this point.

6

that "[p]laintiff could not raise a constitutional claim based on the failure of prison officials to uphold his grievance, since 'an inmate has no constitutional right to a grievance procedure.'" (quoting Caldwell v. Beard, 324 Fed. Appx. 186, 189 (3d Cir. 2009)). (Doc. 44 at 13). The order adopting the report and recommendation, however, inadvertently did not include Defendant Varano. (See Id. at 15-16). Plaintiff now argues that Varano should not be dismissed from the case, contending that he raises a claim for retaliation based on the denial of these grievances, not a claim that the denials themselves violated his constitutional rights. The court has already considered plaintiff's arguments as to why Varano should not be dismissed from the case and has rejected them. The court will not provide plaintiff with "another bite at the apple" in an attempt to undo this previous opinion. The court will adopt the report and recommendation on this point.

**Conclusion**

For the reasons stated above, the court will overrule plaintiff's objections. The report and recommendation will be adopted and the defendants' motion granted. An appropriate order follows.[2]

---

[2]The court will also deny plaintiff's motion to stay the case pending his outcome of his appeal in the Third Circuit Court of Appeals. (Doc. 75). The Court of Appeals has dismissed his appeal for want of jurisdiction. (Doc. 85).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN P. MORIARTY, | : | No. 3:08cv1532 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CALVIN JOHNSON; | : | |
| CATHERINE MCVEY, Chairperson, | : | |
| Pennsylvania Board of Probation & | : | |
| Parole; | : | |
| LINDA CHISMAR, SCI Coal Township | : | |
| Classification & Programs Manager; | : | |
| GENE MULL, Therapudic Community | : | |
| Program & A.O.D. Treatment | : | |
| Supervisor; | : | |
| MEREL SMITH, Therapudic | : | |
| Community Program & A.O.D. | : | |
| Treatment Supervisor; | : | |
| DAVID VARANO, SCI Coal Township | : | |
| Superintendant, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 28th day of February 2011, the plaintiff's objections (Doc. 78) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 77) are hereby **OVERRULED**. The report and recommendation is hereby **ADOPTED**. The motion of Defendants Johnson, McVey and Varano is hereby **GRANTED**. The Clerk of Court is ordered to dismiss those defendants from the case. In addition, plaintiff's motion to stay the case pending the outcome of his

8

appeal (Doc. 75) is hereby **DENIED** as moot.  The Clerk of Court is directed to

**REMAND** the case to Magistrate Judge Blewitt for proceedings consistent with this

opinion.


        **BY THE COURT:**

        **s/ Jame M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **UNITED STATES DISTRICT COURT**